UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID NEWALL GRANT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV-09-158-B-W |
| | ) |
| WARDEN, MAINE STATE PRISON, | ) |
| | ) |
| Respondent. | ) |

**ORDER AFFIRMING IN PART AND REJECTING IN PART
THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On July 23, 2009, the United States Magistrate Judge filed with the Court her Recommended Decision in which she recommended that the Court deny Mr. Grant's petition for habeas corpus relief under 28 U.S.C. § 2254, and deny a certificate of appealability in the event he files a notice of appeal.  *Recommended Decision* (Docket # 10) (*Rec. Dec.*).  Mr. Grant filed his objection to the Recommended Decision on August 2, 2009.  *Petitioner Objection to Magistrate's Recommendation* (Docket # 11) (*Pet'r Obj.*).  The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision.  The Court adopts the substance of the Magistrate Judge's Recommended Decision, but disagrees with her recommendation to deny the certificate of appealability.

**I.    STATEMENT OF FACTS**

After a jury trial in 2006, David Grant was convicted of one count of murder for the stabbing death of his mother-in-law and sentenced to a jail term of seventy years.  *State v. Grant*, 2008 ME 14, ¶ 7, 939 A.2d 93, 96.  While Mr. Grant was in the hospital recovering from self-

inflicted wounds, the police attempted to interview him five times; on the fifth occasion, they were successful and obtained incriminating statements, which were admitted during his trial. *Id*. ¶ 5, 939 A.2d at 96.

Before trial, Mr. Grant had moved to suppress the incriminating statements, but the trial judge ruled that when Mr. Grant was in the hospital, he was not in police custody, that he had not clearly asserted his right to remain silent, and that he had made his statements voluntarily; the trial judge denied the motion. *Id*. ¶¶ 16-17, 939 A.2d at 99. After his conviction, Mr. Grant challenged this ruling. *Id*. ¶ 1, 939 A.2d at 95. On appeal, although the Maine Law Court concluded that for purposes of *Miranda v. Arizona*, 384 U.S. 436 (1966), Mr. Grant was in police custody during his hospital stay and he had clearly invoked his right to remain silent, *id*. ¶ 1, 939 A.2d at 95, the Court upheld the admissibility of the statements. The Court reasoned that because the police had "scrupulously honored" Mr. Grant's right to remain silent as required by *Michigan v. Mosley*, 423 U.S. 96, 104 (1975), there was no Fifth Amendment or *Miranda* violation when police resumed questioning after Mr. Grant invoked his right to remain silent. *Id*. ¶ 1, 939 A.2d at 95. On January 24, 2008, the Law Court affirmed his conviction. *Id*.

On April 23, 2009, Mr. Grant filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. *Petition* (Docket # 1) (*Pet.*) In his petition, Mr. Grant asserted that his conviction was the result of statements that should have been suppressed because they were obtained by police questioning that occurred after he had asserted his Fifth Amendment right to remain silent. *Pet*. at 1.

## II.   PETITION FOR HABEAS CORPUS

The Court concurs with the recommendation of the Magistrate Judge to deny Mr. Grant's petition for habeas corpus. For the Court to grant Mr. Grant's petition, he must prove that the

Maine Law Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Here, the Magistrate Judge's recommendation focused on whether there was an unreasonable application of federal law by the Law Court. *Rec. Dec*. at 5. "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (emphasis supplied). The Court cannot grant a petition simply because it "concludes in its independent judgment that the [Maine Law Court's] decision applied clearly established federal law erroneously or incorrectly. Rather, [the Maine Law Court's] application must also be unreasonable." *Id*. at 411. A determination that the Maine Law Court's decision was unreasonable, as opposed to incorrect, involves "a substantially higher threshold," *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007), and one that Mr. Grant has not met. The Court agrees with the Magistrate Judge's conclusion that the "Maine Law Court's application of *Miranda* and *Mosley* to the facts of Grant's case . . . is not unreasonable as that term is defined for 28 U.S.C. § 2254(d)(1) as construed by the Supreme Court." *Rec. Dec*. at 15. The Court, therefore, denies Mr. Grant's petition for writ of habeas corpus.

## III.   CERTIFICATE OF APPEALABILITY

The Court, however, disagrees with the Magistrate Judge's recommendation to deny a certificate of appealability in the event Mr. Grant files a notice of appeal. *Rec. Dec*. at 15. Because jurists of reason could disagree on whether the Maine Law Court's application of *Miranda* and *Mosley* to Mr. Grant's case was unreasonable, the standard for a certificate of appealability under 28 U.S.C. § 2253(c)(2) is satisfied. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Should Mr. Grant seek a certificate of appealability, the Court will issue one under 28

U.S.C. § 2253(c)(1) on whether the Maine Law Court's factor analysis approach was an unreasonable application of *Mosley*, and whether the Maine Law Court erred in holding that the police scrupulously honored Mr. Grant's *Miranda* rights in accordance with *Mosley*.

### A. The Legal Standard

To appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," the petitioner must first obtain a certificate of appealability from a circuit justice or judge. 28 U.S.C. § 2253(c)(1),(2). Pursuant to First Circuit Local Rule 22.1(a), "[a] petitioner wishing to appeal from the denial of a § 2254 . . . petition must timely file a notice of appeal and should promptly apply to the district court for a certificate of appealability."

The district court may issue the certificate "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "If the district court grants a certificate of appealability, it must state which issue or issues satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). If the district court denies a certificate of appealability, it must state the reasons why the certificate should not issue." 1st Cir. R. 22.1(a).[1]

---

[1] First Circuit Local Rule 22.1(c) discusses partial denial of a certificate of appealability:

> (1) If the district court grants a certificate of appealability as to one or more issues, the petitioner's appeal shall go forward only as to the issue or issues for which the district court granted the certificate. *See Grant-Chase v. Commissioner*, 145 F.3d 431 (1st Cir. 1998).
>
> (2) If the petitioner wants appellate review of an issue or issues as to which the district court has denied a certificate of appealability, petitioner must apply promptly, within the time set by the clerk of the court of appeals, to the court of appeals for an expanded certificate of appealability. The request for an expanded certificate of appealability:

### B. *Michigan v. Mosley*

In *Mosley*, the Supreme Court addressed the circumstances under which resumption of questioning is permissible once a person in custody has indicated that he wishes to remain silent. 423 U.S. at 100-02. The Supreme Court concluded that the "admissibility of statements obtained after the person in custody has decided to remain silent depends under *Miranda* on whether his 'right to cut off questioning' was 'scrupulously honored.'" *Id*. at 104. Instead of establishing a bright-line test, the Court's analysis involved a variety of factors.[2] *Mosley* at 107. Some courts have interpreted the "scrupulously honored" requirement in *Mosley* as consisting of a set number of factors.[3] While the First Circuit has recognized that *Mosley* involves a "multiple factor review," *United States v. Barone*, 968 F.2d 1378, 1383 (1st Cir. 1992), it has also repeatedly stated that *Mosley* requires an analysis of the "totality of the circumstances." *Id*. at 1384; *see also United States v. Thongsophaporn*, 503 F.3d 51, 57 (1st Cir. 2007); *United States v. Lugo Guerrero*, 524 F.3d 5, 12 (1st Cir. 2008).

### C. *Grant v. Warden, Maine State Prison*

---

(A) must be explicit as to the additional issues the petitioner wishes the court to consider and

(B) should be accompanied by a copy of the district court order and a memorandum giving specific and substantial reasons, and not mere generalizations, why an expanded certificate of appealability should be granted.

If the petitioner fails to apply for an expanded certificate of appealability within the time designated by the clerk, the appeal will proceed only with respect to the issues on which the district court has granted a certificate; this court will not treat an inexplicit notice of appeal, without more, as a request for a certificate of appealability with respect to issues on which the district court has denied a certificate.

[2] Those factors included whether "police [] immediately ceased the interrogation, resumed questioning only after the passage of a significant period of time and the provision of a fresh set of warnings, and restricted the second interrogation to a crime that had not been a subject to the earlier interrogation." *Michigan v. Mosley*, 423 U.S. 96, 106. The Supreme Court also looked at whether police had "persist[ed] in repeated efforts to wear down [the suspect's] resistance and make him change his mind." *Id*. at 105-06.

[3] *See Weeks v. Angelone*, 176 F.3d 249, 267 (4th Cir. 1999)(outlining five factors); *United States v. Barone*, 968 F.2d 1378, 1384 (1st Cir. 1992) (outlining four factors); *State v. Rossignol*, 627 A.2d 524, 527 (Me. 1993) (outlining three factors).

Applying these standards to this case, the Court concludes that reasonable jurists could disagree with the Court's decision to deny Mr. Grant's petition. First, although the Maine Law Court acknowledged the First Circuit's use of the totality of the circumstances, it chose to employ a factor analysis,[4] limiting its review to the following four factors:

> (1) whether police immediately cease the interrogation when the defendant invokes the right to remain silent; (2) whether a significant amount of time passes before questioning is resumed; (3) whether fresh Miranda warnings are provided; and (4) whether the later "interrogation is restricted to matters distinct from the former."

*Grant*, ¶ 42, 939 A.2d at 104-05 (quoting *State v. Rossignol*, 627 A.2d 524, 527 (Me. 1993) (interpreting the holding of the Supreme Court of the United States in *Mosley*, 423 U.S. at 104-07)). The Maine Law Court found that the first three factors weighed in favor of the state, and the last factor in favor of Mr. Grant.[5] As a result, "three of the four *Mosley* factors weigh[ed] in favor of concluding that Grant's invocation of his *Miranda* rights to remain silent was scrupulously honored." *Id*. ¶ 52, 939 A.2d at 107. Neither the Supreme Court, nor the First Circuit has clarified whether the itemized factor analysis is in accord with the totality of the circumstances approach. Here, a reasonable argument could be pressed that the Maine Supreme Judicial Court's numerical approach unreasonably constrained its *Mosley* analysis. Given the lack of guidance, reasonable jurists could disagree as to whether the Maine Law Court's emphasis on only four factors, as opposed to the totality of the circumstances was an unreasonable application of *Mosley*.

---

[4] In a footnote, the Law Court stated "[t]he First Circuit determines whether a suspect's invocation of his right to remain silent was scrupulously honored upon an evaluation of the totality of the circumstances, but has found substantially the same factors particularly important to its analysis of the question…Even after the First Circuit indicated that examining the totality of the circumstances was appropriate, we have relied entirely on the identified factors." *State v. Grant*, 2008 ME 14, ¶ 45, 939 A2d 93, 103 (citations omitted).

[5] Specifically, the Law Court found that police completely ceased questioning during the fourth attempt on December 1, 2004, as soon as Mr. Grant invoked his right to remain silent, that Mr. Grant was given fresh warnings before questioning resumed for the fifth time on December 2, 2004, and that a significant amount of time passed before questioning resumed. It also found that the questioning on December 2, like the questioning the prior day, concerned the same crime—the murder of Mr. Grant's mother-in-law.

Second, by limiting its review to four factors, the Maine Law Court failed to address other factors the First Circuit has deemed important, including whether the same officer conducts the interrogation, *Lugo Guerrero*, 524 F.3d at 12, the intensity of the interrogation, *Barone*, 968 F.2d at 1384, and whether the defendant was in charge of whether and to whom he would speak. *United States v. Andrade*, 135 F.3d 104, 107 (1st Cir. 1998); *see also Thongsophaporn*, 503 F.3d at 57 (stating "[t]he question presented [] is whether defendant freely initiated further communications with law enforcement . . . or whether he was improperly coerced or pressured into making those communications"). Mr. Grant's situation involved the same officer who over the course of twenty-four hours attempted to interrogate Mr. Grant four times, while Mr. Grant was hospitalized under guard.[6] Even if there is no distinction between the Maine Law Court's approach and the totality of the circumstances analysis, consideration of additional factors could have produced a different outcome.

Finally, because each *Mosley* factor is non-dispositive, jurists are free to allocate weight among the factors as they choose. Although this Court finds the Maine Law Court's application of *Mosley* sound, reasonable jurists could disagree on the importance of the different factors in Mr. Grant's case, as well as how these factors should be balanced. Accordingly, if sought, the Court will grant Mr. Grant's certificate of appealability as to two questions:

1. Whether the Law Court's factor analysis approach was an unreasonable application of *Mosley* as interpreted by the First Circuit; and,

2. Whether the Law Court erred in holding that Mr. Grant's *Miranda* rights were scrupulously honored by police in accordance with *Mosley*.

## IV.   CONCLUSION

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 10) is hereby AFFIRMED IN PART AND REJECTED IN PART; and,

---

[6] The first of the five interview attempts was conducted by an officer different from the one who elicited the incriminating statements.

2. It is further ORDERED that the Petitioner's § 2254 Petition (Docket # 1) be and hereby is DENIED.

3. It is further ORDERED that a certificate of appealability shall issue in the event the Petitioner files a notice of appeal because there is a substantial showing of the denial of a constitutional right within the meaning of U.S.C. § 2253(c)(2).

SO ORDERED.

        /s/ John A. Woodcock, Jr.
        JOHN A. WOODCOCK, JR.
        CHIEF UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2009